**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HAO VAN LE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2404-SLP** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Hao Van Le, a noncitizen proceeding pro se,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a response to the petition, Doc. 7, and the time for Petitioner to reply has lapsed. Respondents also filed a supplemental brief, Doc. 9, pursuant to this Court's order. Doc. 8. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the reasons below, the undersigned recommends that the Court grant the petition and order Respondents to release Petitioner on an appropriate order of supervision (OOS).

**I. Factual background and procedural history.**

Petitioner was born in Vietnam in 1974 to a Vietnamese mother and an American soldier father. Doc. 1, Ex. 1, at 1. He came to the United States in 1991 under the Homecoming Act, Pub. L. 100-202, 101 Stat. 1329 (Dec. 22, 1987), which provided for children of American military personnel stationed in Southeast Asia between 1962 and 1976 to apply for an immigrant visa or an adjustment of status. *Id.*; USCIS, Chapter 9-- Amerasian Immigrants, https://www.uscis.gov/policy-manual/volume-7-part-p-chapter-9#footnote-2 (last accessed Nov. 13, 2026). Petitioner states that he believed he was an American citizen because his father was American; Respondents state that Petitioner was a lawful permanent resident. Doc. 1, at 7 & Ex. 1, at 1; Doc. 7, at 1.

In 2019, Respondents issued Petitioner a Notice to Appear charging him as removable under § 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA).[2] Doc. 7, at 1-2. An immigration judge (IJ) ordered

---

[2] Section 237(a)(2)(A)(iii) provides that "[a]ny alien convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. §

Petitioner removed to Vietnam on February 26, 2020. *Id.* at 2. Sometime thereafter, Petitioner was released from detention on an OOS. *Id.* Petitioner was arrested by the Garland, Texas police department on charges of assault on June 1, 2026, and transferred to Immigration and Customs Enforcement (ICE) custody on July 22, 2026. *Id.* He remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

## II. Petitioner's claims.

Petitioner raises three claims for relief: (1) violation of 8 U.S.C. § 1231(a)(6) because he has been "detained by ICE beyond the removal period" and "ICE is not likely to remove [Petitioner] in the near future"; (2) violation of the Due Process Clause of the Fifth Amendment, because he has been "detained by ICE for a prolonged period"; and (3) Petitioner's belief that he is a natural born U.S. citizen due to his father's American citizenship.[3] Doc. 1, at 6-7. He requests his immediate release from ICE custody. *Id.* at 7.

## III. Standard of review.

1227(a)(2)(A)(iii). Section 237(a)(2)(B)(i) provides that "[a]ny alien who at any time after admission has been convicted of a violation of … any law or regulation … relating to a controlled substance" is deportable. *Id.* § 1227(a)(2)(B)(i).

[3] Petitioner also added a fourth ground for relief — that his mother and four children are U.S. citizens. Doc. 1, at 6. Because this is not a legal basis for relief, the undersigned does not address it.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Petitioner is entitled to relief under § 1231 and *Zadvydas*.**

Under § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* After the removal period expires, ICE has the discretion to continue to detain certain classes of noncitizens. *Id.* § 1231(a)(6). The "basic purpose" of § 1231 is "assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

However, detention of a noncitizen subject to an administratively final order of removal may not be "indefinite," and the Supreme Court set the "presumptively reasonable period of detention" under § 1231(a)(6) at six

months. *Id.* at 699, 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of post-removal detention is presumptively six months"); *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004) (describing that "[a]s the possibility of removal becomes remote," the purpose of securing a noncitizen's appearance at immigration proceedings "drops out"). "*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi v. Carter*, --- F.4th ---, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026). "After this six–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Respondents "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

A petitioner has the initial burden to show that it has been more than six months after the beginning of the 90-day removal period or rebut the presumption of reasonableness if it has been less than six months and must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*; *see also Abedi*, 2026 WL 3149141, at *26. If a petitioner meets their initial burden, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

**A. The application of § 1231 to Petitioner's detention.**

Petitioner alleges that "ICE is not likely to remove [Petitioner] in the near future" and so his continued detention is not authorized under § 1231. Doc. 1, at 6. Respondents argue that § 1231 authorizes Petitioner's detention. *See* Doc. 7, at 6-7.

Under § 1231(a)(2), the Attorney General "shall" detain noncitizens throughout the "removal period." The removal period begins following a removal order. 8 U.S.C. § 1231(a)(1)(A). A removal order may become administratively final—prompting the start of the removal period— "upon expiration of the time allotted for an appeal if the [noncitizen] does not file an appeal within that time[.]" *See* 8 C.F.R. § 1241.1(c). Certain classes of noncitizens, including those found to be removable under § 237(a)(2) of the INA, may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

Petitioner was ordered removed on February 26, 2020. Doc. 7, at 2. Because Petitioner did not appeal the IJ's decision, as of February 26, 2020, Petitioner has been subject to a final administrative removal order. *See* 8 C.F.R. § 1241.1(c).

Respondents argue that the removal period was re-triggered by the revocation of Petitioner's supervised release. Doc. 7, at 6-7. However, this

contention is not supported by the statute, 8 U.S.C. § 1231(a)(1)(B),[4] and the Tenth Circuit rejected that approach. 2026 WL 3149141, at *26, 28. Subsection (iii) of § 1231(a)(1)(B) applies if Petitioner is detained when his order of removal issues, not to subsequent detentions. *Id.* at *26 ("Notably, the Court derived this six-month presumption from an earlier version of the removal statute … This earlier six-month removal period—like the current removal period—applied only to the initial time period after an order of removal became final, without any provision for tolling or retriggering.").

The removal period expired on May 26, 2020. Petitioner was re-detained on July 22, 2026, long after the removal period expired. *See* Doc. 7, at 2. Because Petitioner was charged as being removable under § 237 of the INA, § 1231(a)(6) allows that he "may be detained beyond the removal period[.]" However, his detention is still subject to due process limitations.

### B. Petitioner has met his initial burden under *Zadvydas*.

The undersigned concludes that Petitioner has met his initial burden under *Zadvydas*.

---

4 "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

### 1. The initial six-month presumption does not apply to Petitioner's re-detention.

"*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi*, 2026 WL 3149141, at *26. Detention within the first six months following the start of the removal period is therefore presumptively reasonable. *See id.*

Respondents allege that, because Petitioner has been detained since July 22, 2026, his detention is within the six-month reasonable period under *Zadvydas*. Doc. 7, at 6-7.

The undersigned disagrees. *Abedi* held "that *Zadvydas*'s six-month presumption applies only to the first six months that elapse after the removal period is triggered." 2026 WL 3149141, at *26. *Zadvydas* did not create "a resettable six-month grace period" that arises "every time a noncitizen is detained[.]" *Id.* at *28.

Petitioner's order of removal became final on or shortly after February 26, 2020. The *Zadvydas* six-month reasonableness presumption applies to the first six months that elapse after the removal period is triggered. *Abedi*, 2026 WL 3149141, at *26, 28 ("[W]e hold that Zadvydas's six-month presumption applies only to the first six months that elapse after the removal period is triggered. [ ] The government is simply no longer entitled to a presumption of

reasonableness for any detention that occurs outside of the initial six-month period following the removal order becoming final."). That period expired on August 24, 2020. As a result, Petitioner's 2026 detention falls well outside the presumptively reasonable period. The undersigned finds that Petitioner has demonstrated that his detention exceeds the *Zadvydas* six-month threshold. *See Abedi*, 2026 WL 3149141, at *26. Respondents are not entitled to a presumption that Petitioner's current detention is reasonable merely because it has lasted less than six months.

**2. Good reason to believe removal is not reasonably foreseeable.**

To satisfy the burden under *Zadvydas*, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025); *see also Khaliq v. Noem*, 828 F. Supp. 3d 1260, 1267-68 (W.D. Okla. 2026) (confirming that Judges in this District have "looked to whether the petitioner has demonstrated institutional barriers to repatriation or obstacles particular to his removal"). A petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. Rather, a petitioner need only

demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701.

Here, the undersigned finds that Petitioner has met his initial burden under *Zadvydas*. *Id.* Several years have elapsed since Petitioner's final order of removal, and ICE has failed to secure Petitioner's removal. "[T]he passage of time takes on more significance as inaction and/or lack of progress in effectuating removal is precisely what *Zadvydas* guards against." *Khaliq*, 828 F. Supp. 3d at 1271; *see also Douglas v. Baker*, 812 F. Supp. 3d 525, 530 (D. Md. 2025) (finding that passage of time coupled with "the absence of any evidence that the government has used that time to advance efforts to remove" the petitioner demonstrates that petitioner's detention was no longer authorized by *Zadvydas*).

Additionally, since detaining Petitioner in July 2026, ICE has failed to make meaningful progress in securing his removal. Respondents identify only the August 2, 2026 travel-document application and provide no evidence of a response, acceptance, expected issuance date, or other concrete development. Doc. 9, at 1. *See also Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding that petitioner satisfied his burden when he alleged that respondents "failed to provide notice of any progress that has been made over the past seven months to effectuate [petitioner's] removal"); *Trejo v. Warden of*

*ERO El Paso E. Mont.*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (finding that petitioner met his burden by demonstrating, in part, "that ICE has not identified a third country that will accept him"). Respondents identify no removal date, travel arrangements or documents, or any other progress apart from the initial application. *See Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *5 (W.D. Okla. Mar. 20, 2026) (finding that a lack of response from the country of removal "reinforces that removal is not significantly likely in the reasonably foreseeable future" (citing *Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sep. 26, 2025) (noting "no activity in the last three months"))).

**C. Respondents have not rebutted Petitioner's showing.**

Because Petitioner has established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents must provide evidence sufficient "to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In sum, Respondents have not provided evidence sufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. So, the undersigned recommends that the Court grant Petitioner's petition and order his immediate release subject to an appropriate OOS. *See, e.g.*, *Bui*, 2026 WL 788947, at *5-6 (ordering the

petitioner's immediate release "subject to an appropriate Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).

**V. Recommendation and notice of right to object.**

The undersigned recommends that the Court grant the petitionas it seeks release under § 1231 and *Zadvydas*. The undersigned recommends that the Court order his immediate release subject to an appropriate OOS. The Court should further order Respondents to certify compliance by filing a status report within five business days of the Court's order. The undersigned also recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 25, 2026 in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").